**UNITED STATES of America,**
**Appellee,**

v.

**Ramiro LOPEZ–IMITALO,**
**Defendant–Appellant.**

**No. 06–2805–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 9, 2009.

Marsha R. Taubenhaus, New York, NY, for Defendant–Appellant.

Michael A. Garcia, United States Attorney for the Southern District of New York; Neil M. Barofsky, Marc P. Berger, Celeste L. Koeleveld, Assistant United States Attorneys, of Counsel; New York, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. P. KEVIN CASTEL,* District Judge.

### SUMMARY ORDER

Defendant-appellant Ramiro Lopez–Imitola [1] appeals the June 6, 2006 judgment of the United States District Court for the Southern District of New York (Patterson, J. ), convicting him, upon a plea of guilty, of one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and one count of conspiracy to import heroin into the United States, in violation of 21 U.S.C. § 963, and sentencing him to a term of imprisonment of 40 years and, thereafter, 5 years of supervised release. We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues on appeal.

We do not decide whether Lopez–Imitola has standing to assert the rule of specialty as a basis to challenge his sentence because his argument fails on the merits. See United States v. Cuevas, 496 F.3d 256, 262 (2d Cir.2007); United States v. Banks, 464 F.3d 184, 191 (2d Cir.2006).

Our decision in United States v. Baez, 349 F.3d 90 (2d Cir.2003) (per curiam) compels the conclusion that the rule of specialty was not violated in this case. Even if the district court's sentence of 40 years were deemed to be a sentence of "life imprisonment," the sentence did not breach the Diplomatic Note that preceded appellant's extradition from Colombia because it, like the note in Baez, "expressly contemplated the possibility that a sentencing court might impose a term of life imprisonment and assured Colombia that, if that occurred, the executive authority of the United States would seek to have the sentence commuted to a term of years." Id.

Lopez–Imitola does not argue that the Government breached its commitment "to seek to have the sentence commuted to a terms of years," nor could he, because the sentence is plainly for a term of years. As the District Court noted, Lopez–Imitola's argument that the Government breached the agreement by seeking a sentence of 60 years, which he asserts is the functional equivalent of life imprisonment, fails for the same reason. Had the respective governments intended the Diplomatic Note to be an assurance that the U.S. government would not request a determinate sentence exceeding Lopez–Imitola's expected lifespan, they could have drafted the note to say that. They chose instead to require simply that the government seek a sentence of "a term of years" rather than "life imprisonment." The Government fulfilled that obligation.

For the reasons stated above, the judgment of conviction and sentence is AFFIRMED.

---

* The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

1. Lopez–Imitola's name is misspelled as "Lopez–Imitalo" on the official caption.