KEARSE, Circuit Judge,
concurring:
I concur in the judgment, on the ground that the diplomatic agreement that led to the extradition of defendant Yesid Rios Suarez to the United States from Colombia should be read in accordance with the language to which the United States and Colombia agreed.
“Based on international comity, the principle of speciality [sic ] generally requires a country seeking extradition to adhere to any limitations placed on prosecution by the surrendering country.” United States v. Baez, 349 F.3d 90, 92 (2d Cir.2003). In Baez, we considered a challenge to the sentence of life imprisonment imposed on a defendant who had been extradited to the United States from Colombia pursuant to an agreement recorded in a diplomatic note in which the United States agreed, inter alia, that it would not seek a sentence of life imprisonment and that if the United States court were “ ‘nevertheless [to] impose a sentence of life imprisonment,’ ” the United States’s “ ‘executive authority will take appropriate action to formally request that the court commute such sentence to a term of years.’ ” Id. (quoting Diplomatic Note No. 1206 (emphasis mine)). Following the defendant’s conviction, the district court imposed a sentence of life imprisonment. Thereafter, “[a]s contemplated by Diplomatic Note No. 1206, the United States, through the U.S. Attorney for the Southern District of New York, requested that the District Court sentence [the defendant] to a term of years.” 349 F.3d at 92-93. We held that the government thereby “fulfilled the commitment it made in Diplomatic Note No. 1206.” Id. at 93. Accord United States v. Riascos, 537 Fed.Appx. 898, 900-01 (11th Cir.2013); United States v. Corona-Verbera, 509 F.3d 1105, 1121 (9th Cir.2007), cert. denied, 555 U.S. 865, 129 S.Ct. 149, 172 L.Ed.2d 110 (2008).
In United States v. Lopez-Imitalo, 305 Fed.Appx. 818 (2d Cir.2009), we considered a challenge to a 40-year prison term imposed on a 58-year-old defendant (see the defendant’s brief on appeal, 2007 WL 6370252), who had been extradited to the United States from Colombia pursuant to an agreement in which, as in the agreement in Baez, the United States promised it would not seek a sentence of life imprisonment. We rejected the defendant’s “argument that the Government breached the agreement by seeking a sentence of 60 years, which he assert[ed wa]s the functional equivalent of life imprisonment”; and we stated that there was no violation of the extradition agreement “[e]ven if the district court’s sentence of 40 years were deemed to be a sentence of ‘life imprisonment.’ ” 305 Fed.Appx. at 819. We stated that “[o]ur decision in ...' Baez ... compels the conclusion that the rule of specialty [sic ] was not violated....” Id.
Had the respective governments intended the Diplomatic Note to be an assurance that the U.S. government would *369 not request a determinate sentence exceeding [the defendant’s] expected lifespan, they could have drafted the note to say that.
Id. They did not do so, either in that case or here.